RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 1/9/06/6

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **CURTIS L. SMITH** | **CIVIL ACTION NO. 06-0567** |
| **VS.** | **JUDGE TUCKER L. MELANÇON** |
| **LYNN COOPER, WARDEN** | **MAGISTRATE JUDGE METHVIN** |

### AMENDED JUDGMENT

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by

*pro se* petitioner Curtis L. Smith on April 3, 2006. On October 6, 2006, United States

Magistrate Judge Mildred E. Methvin authored a Report recommending dismissal of the

petition because petitioner's technically exhausted claims were now procedurally

defaulted. Petitioner was also advised,

> Failure to file written objections to the proposed factual findings and/or the
> proposed legal conclusions reflected in this Report and Recommendation
> within ten (10) days following the date of its service, or within the time
> frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from
> attacking either the factual findings or the legal conclusions accepted by the
> District Court, except upon grounds of plain error. [Rec. Doc. 10]

On October 27, 2006, the recommendation was accepted and a judgment ordering

dismissal was rendered. [Rec. Doc. 11]

On October 30, 2006 petitioner filed a pleading styled, "Motion to Proceed Under

Miscarriage of Justice Clause and Actual Innocence Clause." [Rec. Doc. 12] The Motion

was dated October 24, 2006 and post-marked October 26, 2006. [*Id.*, at pp. 9 and 11]

Under the terms of the mailbox rule[1] petitioner's objections must be considered timely, therefore, the Judgment of October 27, 2006 [doc. 11] is hereby **RECALLED**.

Nevertheless, even if petitioner's objection is considered timely, dismissal of the petition remains the appropriate order. As noted by Magistrate Judge Methvin,

> In order for a *habeas* petitioner to avoid a procedural bar by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' *Murray*, 477 U.S. at 478. *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998); *Glover v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). In order to show that a failure to consider the claim will result in a 'fundamental miscarriage of justice' the *habeas* petitioner must show, '... as a factual matter, that he did not commit the crime of conviction.' *Fairman v. Anderson*, 188 F.3d 635 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995). To establish such actual innocence, petitioner must 'support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)) (emphasis supplied). Petitioner offers no such evidence of actual innocence. [doc. 10, pp. 18-19]

Petitioner's Motion to Proceed Under Miscarriage of Justice Clause and Actual Innocence Clause [Rec. Doc. 12] offers no evidence of actual innocence. Therefore, for the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record including the objection filed by

---

[1] The "mailbox rule" provides that a prisoner's federal pleadings should be considered to have been filed as of the date the pleadings were presented to the prison authorities for mailing. See *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The undersigned presumes that the earliest date that the petitioner could have presented his pleadings to the authorities for mailing was the date he signed his pleadings.

petitioner, and having determined that the Report and Recommendation are correct under the applicable law;

**IT IS ORDERED** that the petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as technically exhausted but procedurally defaulted.

THUS DONE AND SIGNED this 8th day of November, 2006, in Lafayette, Louisiana.

_____
Tucker L. Melançon
United States District Judge